IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRIAN LASSALLE and all others<br>And all Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE STATE OF NEBRASKA, and<br>THE STATE OF NEBRASKA, ACTING<br>THROUGH THE NEBRASKA DEPARTMENT<br>OF HEALTH and HUMAN SERVICES, THE<br>LINCOLN REGIONAL CENTER, THE<br>HASTINGS REGIONAL CENTER, THE<br>NORFOLK REGIONAL CENTER and THE<br>BEATRICE STATE DEVELOPMENTAL<br>CENTER,<br><br>Defendants. | Case No. 4:17CV3088<br><br>FIRST AMENDED COMPLAINT,<br>DEMAND FOR JURY TRIAL, AND<br>CERTIFICATE OF SERVICE |

COMES NOW the Plaintiff, by and through his attorneys, and for all others similarly situated to the Plaintiff and for their causes of action against the Defendants states as follows:

1. This is an action seeking redress for the violation of the rights guaranteed to the Plaintiff and all others similarly situated by the Nebraska Wage Payment and Collection Act (Neb. Rev. Stat. § 48-1228 *et. seq.*).

2. This Court has does not have original jurisdiction over the state law claims.

3. Plaintiff is a resident of Lincoln, Lancaster County, Nebraska.

4. Plaintiff has been continuously employed by the Lincoln Regional Center (LRC) as a security specialist and medication aide from 1993 through the

present. The Lincoln Regional Center is located in Lincoln, Lancaster County, Nebraska. In this capacity, Plaintiff is paid by the hour for the work he performs and is awarded job related benefits, including, but not limited to paid time off in the form of vacation and sick leave.

5. At all times alleged herein, the State of Nebraska, acting through the Nebraska Department of Health and Human Services, owns, operates and otherwise manages the Lincoln Regional Center, the Hastings Regional Center, the Norfolk Regional Center and the Beatrice State Developmental Center. Upon information and belief, the facilities named herein provide 24 hour per day care for persons with physical or mental health conditions.

6. Starting in July, 2016, Defendant denied pay to Plaintiff (and all others similarly situated) for earned and approved paid time off he took if the total hours he worked (or earned through a paid holiday) combined with the total number of hours of paid time off exceeded 40 hours in a given week. As an example, if Plaintiff worked 32 hours Monday through Thursday and took 8 hours of approved paid leave on Friday and was required to work an additional 8 hours on Saturday, Defendant refused to pay Plaintiff and all others similarly situated for the 48 hours of combined work and PTO. Under the scenario reference herein, rather than paying Plaintiff for 48 hours of time worked and the PTO, Defendant paid Plaintiff only 40 hours per week.

7. Upon information and belief, Defendant has instituted the same unlawful practice referenced in paragraph 6 above at the Hastings Regional Center, the Norfolk Regional Center and the Beatrice State Development Center since July, 2016.

8.     Pursuant to the Nebraska Association of Public Employees Local 61 of the American Federation of State, County and Municipal Employees (NAPE/AFSCME) union contract sections 14.5 through14.15 (effective July 1, 2015 through June 30, 2017), Plaintiff and all others similarly situated are entitled to use accrued paid vacation leave and paid sick leave and the same shall not be unreasonably denied or deferred so that the employee is deprived of paid vacation rights or paid sick leave.

9.     Section 14.7 of the NAPE/AFSCME contract mandates that an employee's vacation leave in excess of thirty-five days shall be forfeited as of the end of business on December 31st of each calendar year.  Denying Plaintiff and all others similarly situated the right to use paid vacation leave pursuant to the NAPE/AFSCME contract has resulted and will continue to result in harm and actual loss of negotiated job related benefits to the employee(s).

10.    Pursuant to Section 14.14 of the union contract noted herein, all accrued sick leave is capped at one thousand four hundred forty hours per year and is forfeited by the employee upon separation from employment with the State of Nebraska, except that an employee age 55 or above, or of a younger age if the employee meets all criteria necessary to retire under the primary retirement plan covering his/her State employment, or at death, shall receive a one-time payment of one quarter of his/her accumulated sick leave not to exceed 480 hours.   Denying Plaintiff and all others similarly situated the right to use paid sick leave pursuant to the NAPE/AFSCME contract has resulted and will continue to result in harm and actual loss of negotiated job related benefits to the employee(s).

11.    The State Classified System Personnel Rules and Regulations, promulgated under provisions of Neb.Rev.Stat.§§ 81-1301 through 81-1393,

(hereinafter referred to as Title 273 of the Nebraska Administrative Code (NAC)) also provides statutorily mandated job related benefits to employees such as Plaintiff and all others similarly situated, including but not limited to vacation leave (which shall not unreasonably be denied or deferred by the State), sick leave (that shall not be denied for legitimate illness, injury or emergency absence), and holiday pay.   By denying Plaintiff and all other similarly situated employees use of vacation and sick leave as noted herein, the Defendants are willfully violating Nebraska law.

12. Other similarly situated persons would include hourly rate employees of the Lincoln Regional Center, the Hastings Regional Center, the Norfolk Regional Center and the Beatrice Development Center who have worked for the Defendants since July, 2016 and have been deprived wages through the use of accrued vacation and sick leave and/or paid time off that is due and owing to them as set forth herein.

13. Plaintiff and all others who are similarly situated are due and owing monetary compensation for the vacation and sick leave sought to be used since July 1, 2016.

14. The wages, compensation and/or job related benefits in dispute have been due and owing for more than thirty (30) days from the date that Plaintiff and all others similarly situated should have been paid.

15. At all times relevant, Defendants were aware of their duties and obligations under the aforementioned statute. The Defendants' conduct was willful and/or done with a reckless disregard of the statutorily protected rights of the Plaintiff and all others similarly situated.    Liquidated damages (payable to the Nebraska common school fund), lost wages, interest on said wages, prejudgment interest, attorney's fees and costs are appropriate in the instant action.

COUNT I

Plaintiff incorporates paragraphs 1 through 15 as if fully set forth herein.

16.   As set forth above, Defendants have violated the Nebraska Wage Payment and Collection Act by refusing to pay to Plaintiff and all others similarly situated for accrued vacation and/or sick leave hours sought to be used by the employee(s) but denied use and payment by Defendants.

17.   As a result of the Defendants' illegal actions, Plaintiff and all others similarly situated have sustained lost wages and incurred attorney's fees and costs in bringing this action.

18.   The Defendants' actions were willful and were done with a reckless disregard of the rights of the Plaintiff and all others similarly situated.  Liquidated damages (payable to the Nebraska common school fund), lost wages, interest on said wages, prejudgment interest, attorney's fees and costs are appropriate in the instant action.

COUNT II

Plaintiff incorporates paragraphs 1 through 18 as if fully set forth herein.

19.   Plaintiff and all others similarly situated request that these claims be certified as a class action to remedy the harm done to the Plaintiff and all others similarly situated by the illegal actions of the Defendants.

20.  As a result of the Defendants' illegal actions, the Plaintiff and all others similarly situated have sustained lost wages, interest on lost wages and have incurred attorney's fees and costs in bringing this action.

21.   Defendants' actions were willful and were done with a reckless disregard of the rights of the Plaintiff and all others similarly situated.  Liquidated

damages (payable to the Nebraska public school fund), lost wages, interest on said wages, attorney's fees and costs are appropriate in the instant action.

WHEREFORE, Plaintiff and all others similarly situated respectfully requests that this Court assume jurisdiction herein as to all counts alleged herein and grant the following relief:

a. Certify that a class action may be brought against the Defendants on behalf of the Plaintiff and all other similarly situated persons who have been employed by the Lincoln Regional Center, the Norfolk Regional Center, the Hastings Regional Center and the Beatrice State Development Center since July, 2016.

b. Appoint Brian Lasselle to serve as the representative of the class of current or former employees who have had their rights violated by the Defendants.

c. Declare the conduct of the Defendants to be violative of the rights of the Plaintiff and all others similarly situated under state law;

d. Direct the Defendants to compensate Plaintiff and all others similarly situated for the wages that are due and owing to them and to pay pre and post judgment interest on said back wages;

e. To enjoin the Defendants from engaging in such illegal conduct as noted herein;

f. Award liquidated damages against the Defendants in favor of the Nebraska common school fund for the state law claim;

g. Enjoin the Defendants from retaliating against the Plaintiff and all others similarly situated; and

h.  Award the Plaintiff and all others similarly situated costs and reasonable attorney's fees and such other and further relief as the Court deems just and reasonable and appropriate to correct the wrong done to them.

```
FOR:   BRIAN LASSALLE, PLAINTIFF
       And ALL OTHERS SIMILARLY SITUATED

BY:    s/Kathleen M. Neary_____
       POWERS LAW
       Kathleen M. Neary    20212
       411 South 13th Street, Suite 300
       Lincoln, NE  68508
       (402) 474-8000
```

DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial in Lincoln, Nebraska.

s/Kathleen M. Neary_____
Kathleen M. Neary

### CERTIFICATE OF SERVICE

Now on this 13th day of July, 2017, the undersigned certifies that she filed the above and foregoing with the Clerk of the United States District Court using the CM/ECF filing system which sent notice to all counsel of record.

s/Kathleen M. Neary_____
Kathleen M. Neary